Case 5:23-cr-00185-DAE   Document 88   Filed 03/06/24   Page 1 of 17

**FILED**
March 06, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____MGR_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  Plaintiff<br><br>  v.<br><br>(1) JOSE EMIGDIO Q. MENDOZA<br>(2) GERARDO ANTONIO IBARRA, JR.<br>(3) GERARDO CORONA, JR.<br>(4) GERARDO RAFAEL PEREZ, JR., aka "Jerry"<br>(5) ANTONIO OSIEL CASAREZ<br>(6) LUIS MATIAS LEAL, aka "Wicho," aka "Poncho," aka "El Tio"<br>(7) FRANCISCO ALEJANDRO BENAVIDES, aka "Frankie"<br>(8) MARK ANTHONY TREVINO, JR.<br><br>  Defendants | No. SA-23-CR-185-DAE<br><br>**2ND SUPERSEDING INDICTMENT**<br><br>**COUNT 1:** 18 U.S.C. § 932<br>Conspiracy to Traffic Firearms<br><br>**COUNT 2:** 18 U.S.C. § 933<br>Conspiracy to Straw Purchase Firearms<br><br>**COUNT 3:** 18 U.S.C. § 371, 554<br>Conspiracy to Smuggle Goods from the United States<br><br>**COUNT 4:** 18 U.S.C. § 924(o) & (c)(1)<br>Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime<br><br>**COUNT 5-8:** 18 U.S.C. § 933<br>Firearms Trafficking<br><br>**COUNT 9:** 18 U.S.C. § 922(a)(1)(A)<br>Dealing in Firearms Without a License<br><br>**COUNTS 10-13:** 18 U.S.C. § 922(a)(6)<br>Falsifying Information When Buying Firearms<br><br>**COUNT 14:** 18 U.S.C. §§ 932, 2<br>Straw Purchasing, Aiding & Abetting |

THE GRAND JURY CHARGES:

## INTRODUCTION

1.  Beginning on or about June 25, 2022, (4) GERARDO RAFAEL PEREZ, JR., aka "Jerry," of Laredo, Texas, coordinated the acquisition of over 100 powerful firearms throughout

Texas to be smuggled across the international border and delivered to a drug trafficking cartel in Nuevo Laredo, Tamaulipas, Mexico. PEREZ's organization used straw purchasers—including (2) GERARDO IBARRA, JR., (3) GERARDO CORONA, JR., (7) FRANCISCO ALEJANDRO BENAVIDES, aka "Frankie," and (8) MARK ANTHONY TREVINO, JR.—to procure the firearms from various sources in the Western, Southern, and Northern Districts of Texas, including from unlicensed dealers of firearms, such as (1) JOSE EMIGDIO Q. MENDOZA, or from federal firearm licensees (FFLs). (6) LUIS MATIAS LEAL, aka "Wicho," aka "Poncho," aka "El Tio," provided cash and instructions to facilitate the conspiracy. (5) ANTONIO OSIEL CASAREZ would smuggle the firearms into Mexico and return to the United States with bulk cash.

2. At FFLs, co-conspirators would complete ATF Form 4473s and make false representations on the forms to secure the firearms. The co-conspirators would falsely certify that they were the true buyers of the firearm, when they intended to transfer the firearm in furtherance of the conspiracy after making the purchase. If the co-conspirators obtained firearms from a private seller—or an unlicensed dealer—there would be no background check conducted and no ATF Form 4473 completed.

3. These firearms included FNH SCAR rifles, Barrett .50 caliber rifles, FNH M294S rifles, and M1919 rifles, all of which are highly prized by Mexican drug trafficking cartels for their firepower and battlefield reliability. They are symbols of cartel profit, power, and prestige due in part to their high price to purchase and operate. PEREZ also sought FightLite MCR belt-fed upper receivers, valuable to cartels because they allow standard AR-15 lower receivers to use belt-fed ammunition, providing for a greater capacity of continuous fire before reloading. Mexican drug trafficking cartels use these weapons to engage in battle with their enemies and exert control over their claimed territory.

4. (1) JOSE EMIGDIO Q. MENDOZA was engaged in the business of dealing firearms without a license. As an unlicensed dealer, MENDOZA sold military-grade weapons to members of the PEREZ conspiracy. PEREZ, IBARRA, and CORONA all contacted MENDOZA to purchase these firearms, including SCAR rifles, Barrett .50 caliber rifles, and M249 rifles. MENDOZA sold at least 22 such firearms to PEREZ and IBARRA from December 2022 to March 2023 and received approximately $169,900.00, at a markup from the retail price of the guns so MENDOZA could derive a profit for himself.

5. At times MENDOZA would receive gun orders from his customers, then purchase the firearms from FFLs, where he would falsely certify on the ATF Form 4473 that he was the intended purchaser of the guns. In truth, MENDOZA was acquiring the guns for customers who kept him in business as an unlicensed dealer.

6. Once the firearms were acquired by members of the PEREZ conspiracy, (5) ANTONIO OSIEL CASAREZ smuggled the firearms across the border to Mexico where they would be received by co-conspirators working with the drug trafficking cartel. CASAREZ and other co-conspirators would bring bulk currency back to the United States and deliver it to PEREZ.

7. None of the defendants in this conspiracy at any time held a license to export firearms or firearm parts from the United States to Mexico.

## OVERT ACTS

8. On November 16, 2022, IBARRA and CORONA purchased two FN Columbia SCAR 17S rifles from an FFL in San Antonio, Texas, falsely certifying they were the true buyers of the guns, when in fact, the guns were destined for Mexico. IBARRA and CORONA paid approximately $4,000.00 in cash each for these firearms.

9. On January 7, 2023, IBARRA told MENDOZA that he had buyers for SCAR rifles

and wanted to make some money out of them. On January 18, 2023, MENDOZA purchased a Barrett .50 caliber rifle from an FFL in Temple, Texas, for $13,756.87 Three days later, MENDOZA sold the rifle to IBARRA in San Marcos, Texas, for $15,000.00. This firearm, like several others purchased by MENDOZA, was later recovered by law enforcement in Mexico.

10. On January 20, 2023, CORONA and another co-conspirator attempted to purchase a .50 caliber Barrett rifle from an FFL in San Antonio. The FFL denied the sale based on the suspicious circumstances of the attempted purchase.

8. On February 12, 2023, PEREZ contacted MENDOZA about purchasing a SCAR 17S for $4,200.00 and a SCAR 16 rifle for $3,600.00. The next day, PEREZ met with MENDOZA in Temple and purchased the guns.

11. On March 3, 2023, MENDOZA purchased an FN SCAR 17s rifle from the Army & Airforce Exchange Service at Fort Cavazos. On March 4, 2023, in San Antonio, MENDOZA provided the rifle, along with three other FN SCAR 17S 7.62 caliber rifles, an FN SCAR 20S 7.62 caliber rifle, an FN M249S belt-fed rifle 5.56 caliber, and a Barrett M82A1 .50 caliber rifle to PEREZ and IBARRA in exchange for $48,200.00 in cash.

12. On March 10, 2023, PEREZ traveled from Laredo to New Braunfels, Texas, where he met with IBARRA. From there, IBARRA went to an FFL in Austin, Texas, and purchased a FightLite MCR belt-fed AR-15 upper receiver.

13. On March 11, 2023, MENDOZA visited an FFL in San Antonio, where he was found in possession of an FNH M249S belt-fed rifle, a Barrett .50 caliber rifle, two FNH SCAR rifles, and approximately $24,600.00 in cash. Communications in MENDOZA's phone revealed prior messages discussing gun sales with PEREZ and IBARRA.

14. On May 5, 2023, CORONA purchased an FNH SCAR 20S rifle for approximately

$5,300.00 in cash from an FFL in Laredo, falsely certifying that he was the true buyer of the gun.

15.     In June 2023, BENAVIDES purchased several firearms from an FFL in Victoria, Texas, falsely certifying that he was the true buyer of the guns. Included in these purchases was an FNH rifle, which was recovered in Mexico approximately 23 days later.

16.     On July 18, 2023, (8) MARK ANTHONY TREVINO, JR. purchased an FNH M249S rifle from an FFL in San Antonio, paying $11,400.00 in cash. LEAL provided instructions to TREVINO on the type of gun to buy and provided cash to pay for the straw purchase.

17.     On September 23, 2023, PEREZ purchased an FNH SCAR 17S rifle from an FFL in Laredo, paying cash. On the ATF Form 4473 that he completed to make the purchase, PEREZ provided a false address in Laredo where he no longer resided.

18.     On the night of September 25, 2023, CASAREZ drove PEREZ's vehicle into Laredo, where CASAREZ was found in possession of a Wise Lite Arms model AJM53 belt-fed rifle, a loaded drum magazine, and a radio with cellular capabilities.

19.     Meanwhile, that same night, PEREZ was found in possession of more than 300 rounds of ammunition in various calibers, a firearm bill of sale from CORONA, a spare FNH M249 barrel, blank ATF Form 4473s, and approximately 600 ammunition links for an M249.

**COUNT ONE**
**[Conspiracy to Traffic Firearms]**
**[18 U.S.C. § 933]**

20.     Paragraphs 1-19 of this indictment are incorporated by reference as if fully set forth herein.

21.     From on or about June 25, 2022, to on or about September 26, 2023, in the Western, Northern, and Southern Districts of Texas, and the Republic of Mexico, Defendants,

**(1) JOSE EMIGDIO Q. MENDOZA,**
**(2) GERARDO ANTONIO IBARRA, JR.,**

**(3) GERARDO CORONA, JR.,**
**(4) GERARDO RAFAEL PEREZ, JR., aka "Jerry,"**
**(5) ANTONIO OSIEL CASAREZ,**
**(6) LUIS MATIAS LEAL, aka "Wicho," aka "Poncho," aka "El Tio,"**
**(7) FRANCISO ALEJANDRO BENAVIDES, aka "Frankie,"**
**(8) MARK ANTHONY TREVINO, JR.,**

and others, did knowingly conspire to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm, including, but not limited to, FNH SCAR firearms, Barrett .50 caliber rifles, FNH M249S rifles, and M1919 rifles, to another person in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, to wit, Conspiracy to Smuggle Goods from the United States, Conspiracy to Deal in Firearms Without a License, and Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime, all in violation of Title 18, United States Code, Section 933(a)(3).

## COUNT TWO
**[Conspiracy to Straw Purchase Firearms]**
**[18 U.S.C. § 932]**

22.     Paragraphs 1-19 of this indictment are incorporated by reference as if fully set forth herein.

23.     From on or about June 25, 2022, to on or about September 26, 2023, in the Western, Northern, and Southern Districts of Texas, and the Republic of Mexico, Defendants,

**(1) JOSE EMIGDIO Q. MENDOZA,**
**(2) GERARDO ANTONIO IBARRA, JR.,**
**(3) GERARDO CORONA, JR.,**
**(4) GERARDO RAFAEL PEREZ, JR., aka "Jerry,"**
**(5) ANTONIO OSIEL CASAREZ,**
**(6) LUIS MATIAS LEAL, aka "Wicho," aka "Poncho," aka "El Tio,"**
**(7) FRANCISO ALEJANDRO BENAVIDES, aka "Frankie,"**
**(8) MARK ANTHONY TREVINO, JR.,**

and others, did knowingly conspire to purchase a firearm in and affecting interstate and foreign

commerce, including, but not limited to, FNH SCAR firearms, Barrett .50 caliber rifles, FNH M249S rifles, and M1919 rifles, for, on behalf of, and at the request and demand of any other person, knowing and having reasonable cause to believe that such other person met the criteria of 1 or more paragraphs of 18 U.S.C Section 922(d), and intended to use, carry, possess, and sell and otherwise dispose of the firearm in furtherance of a felony, to wit, Conspiracy to Smuggle Goods from the United States, Conspiracy to Deal in Firearms Without a License, and Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime, all in violation of Title 18, United States Code, Section 932.

### COUNT THREE
### [Conspiracy to Smuggle Goods from the United States]
### [18 U.S.C. § 371]

24. Paragraphs 1-19 of this indictment are incorporated by reference as if fully set forth herein.

25. From on or about June 25, 2022, to on or about September 26, 2023, in the Western, Northern, and Southern Districts of Texas, and the Republic of Mexico, Defendants,

**(2) GERARDO ANTONIO IBARRA, JR.,
(3) GERARDO CORONA, JR.,
(4) GERARDO RAFAEL PEREZ, JR., aka "Jerry,"
(5) ANTONIO OSIEL CASAREZ,
(6) LUIS MATIAS LEAL, aka "Wicho," aka "Poncho," aka "El Tio,"
(7) FRANCISCO ALEJANDRO BENAVIDES, aka "Frankie,"**

and others, knowingly and willfully conspired and agreed together to commit offenses against the United States, that is, they knowingly exported and sent firearms, including FNH SCAR firearms, Barrett .50 caliber rifles, FNH M249S rifles, and M1919 rifles, and firearm parts, including FightLite MCR belt-fed upper receivers, from the United States, and received, concealed, bought, and facilitated the transportation of these firearms and firearm parts prior to exportation, knowing they were intended for exportation contrary to any law or regulation of the United States, to wit,

7

Title 15, Code of Federal Regulations, Parts 736.2(b)(1), 774, & 738, Supplement 1, in that Defendants knew they did not have a license or written authorization for such exports, all in violation of Title 18, United States Code, Sections 371 and 554.

## COUNT FOUR
### [Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime]
### [18 U.S.C. § 924(o) & (c)(1)]

26. Paragraphs 1-19 of this indictment are incorporated by reference as if fully set forth herein.

27. From on or about June 25, 2022, to on or about September 26, 2023, in the Western, Northern, and Southern Districts of Texas, and the Republic of Mexico, Defendants,

**(2) GERARDO ANTONIO IBARRA, JR.,**
**(3) GERARDO CORONA, JR.,**
**(4) GERARDO RAFAEL PEREZ, JR., aka "Jerry,"**
**(5) ANTONIO OSIEL CASAREZ,**
**(6) LUIS MATIAS LEAL, aka "Wicho," aka "Poncho," aka "El Tio,"**
**(7) FRANCISCO ALEJANDRO BENAVIDES, aka "Frankie,"**

and others, knowingly and willfully conspired and agreed together to possess firearms during, in relation to, and in furtherance of a drug trafficking crime which may be prosecuted in any court of the United States, to wit, Possession with Intent to Distribute a Controlled Substance, all in violation of Title 18, United States Code, Sections 924(o) & (c)(1).

## COUNT FIVE
### [Firearms Trafficking]
### [18 U.S.C. § 933]

28. On or about February 13, 2023, in the Western District of Texas, Defendant,

**(4) GERARDO RAFAEL PEREZ, JR.,**

did knowingly receive from another person any firearm in and affecting interstate and foreign commerce, to wit, an FN Herstal SCAR 17S, 7.62/.308 caliber rifle and an FNH SCAR 16, 5.56 caliber rifle, knowing and having reasonable cause to believe that such receipt would constitute a

felony, to wit, Conspiracy to Smuggle Goods from the United States, all in violation of Title 18, United States Code, Section 933(a)(2).

## COUNT SIX
## [Firearms Trafficking]
## [18 U.S.C. § 933]

28. On or about February 16, 2023, in the Western District of Texas, Defendant,

**(1) JOSE EMIGDIO Q. MENDOZA,**

did knowingly transport, transfer, cause to be transported, and otherwise dispose of any firearm, to wit, an FN M249S 5.56 caliber belt-fed rifle, to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony, to wit, Conspiracy to Deal in Firearms Without a License, all in violation of Title 18, United States Code, Section 933(a)(1).

## COUNT SEVEN
## [Firearms Trafficking]
## [18 U.S.C. § 933]

29. On or about March 4, 2023, in the Western District of Texas, Defendant,

**(1) JOSE EMIGDIO Q. MENDOZA,**

did knowingly transport, transfer, cause to be transported, and otherwise dispose of any firearm, to wit, three FN SCAR 17S 7.62 caliber rifles, an FN SCAR 20S 7.62 caliber rifle, an FN M249S belt-fed rifle 5.56 caliber, and a Barrett M82A1 .50 caliber rifle, to another person in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony, to wit, Conspiracy to Deal in Firearms Without a License, all in violation of Title 18, United States Code, Section 933(a)(1).

## COUNT EIGHT
### [Firearms Trafficking, Aiding & Abetting]
### [18 U.S.C. § 933, 2]

28. On or about March 4, 2023, in the Western District of Texas, Defendant,

### (4) GERARDO RAFAEL PEREZ, JR.,

aided and abetted by others, did knowingly receive from another person any firearm in and affecting interstate and foreign commerce, to wit, three FN SCAR 17S 7.62 caliber rifles, an FN SCAR 20S 7.62 caliber rifle, an FN M249S belt-fed rifle 5.56 caliber, and a Barrett M82A1 .50 caliber rifle, knowing and having reasonable cause to believe that such receipt would constitute a felony, to wit, Conspiracy to Smuggle Goods from the United States, all in violation of Title 18, United States Code, Sections 933(a)(2) and 2.

## COUNT NINE
### [Dealing in Firearms Without a License]
### [18 U.S.C. § 922(a)(1)(A)]

30. From on or about December 23, 2019, to on or about March 11, 2023, in the Western District of Texas, Defendant,

### (1) JOSE EMIGDIO Q. MENDOZA,

not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## COUNT TEN
### [Falsifying Information When Buying Firearms]
### [18 U.S.C. § 922(a)(6)]

31. On or about March 10, 2023, in the Western District of Texas, Defendant,

### (1) JOSE EMIGDIO Q. MENDOZA,

in connection with the acquisition of a firearm, to wit, a Barrett Firearms Manufacturing, M107A1,

.50 caliber rifle, bearing serial number AE010248, from Rooftop Tactical Arms LLC, Inc. ("Rooftop Tactical Arms"), a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Rooftop Tactical Arms, which statement was intended and likely to deceive Rooftop Tactical Arms as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under chapter 44 of Title 18, in that (1) JOSE EMIGDIO Q. MENDOZA executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, stating he was the actual buyer of the firearm indicated on the Form 4473, when in fact as he then knew, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT ELEVEN
**[Falsifying Information When Buying Firearms]**
**[18 U.S.C. § 922(a)(6)]**

32.     On or about March 10, 2023, in the Western District of Texas, Defendant,

**(1) JOSE EMIGDIO Q. MENDOZA,**

in connection with the acquisition of a firearm, to wit, an FNH USA, M249S, 5.56 caliber rifle, bearing serial number M249SA08118, from The Gun Range, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to The Gun Range, which statement was intended and likely to deceive The Gun Range as to a fact material to the lawfulness of such acquisition of the said firearm to the defendant under chapter 44 of Title 18, in that (1) JOSE EMIGDIO Q. MENDOZA executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, stating he was the actual buyer of the firearm indicated on the Form 4473, when in fact as he then knew, he was not the actual buyer of the firearm, in violation of Title 18,

United States Code, Section 922(a)(6).

## COUNT TWELVE
### [Falsifying Information When Buying Firearms]
### [18 U.S.C. § 922(a)(6)]

33.     On or about March 11, 2023, in the Western District of Texas, Defendant,

**(1) JOSE EMIGDIO Q. MENDOZA,**

in connection with the acquisition of firearms, to wit, an FN Herstal, SCAR 17S, 7.62/.308 caliber rifle, bearing serial number H1C17156, and an FN Herstal SCAR 17S, 7.62/.308 caliber rifle, bearing serial number H1C18973, from Nagel's Gun Shop, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Nagel's Gun Shop, which statement was intended and likely to deceive Nagel's Gun Shop as to a fact material to the lawfulness of such acquisition of the said firearms to the defendant under chapter 44 of title 18, in that (1) JOSE EMIGDIO Q. MENDOZA executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, stating he was the actual buyer of the firearms indicated on the Form 4473, when in fact as he then knew, he was not the actual buyer of the firearms, in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT THIRTEEN
### [Falsifying Information When Buying Firearms, Aiding & Abetting]
### [18 U.S.C. §§ 922(a)(6), 2]

34.     On or about July 18, 2023, in the Western District of Texas, Defendants,

**(6) LUIS MATIAS LEAL, aka "Wicho," aka "Poncho," aka "El Tio,"
(7) FRANCISCO ALEJANDRO BENAVIDES, aka "Frankie," and
(8) MARK ANTHONY TREVINO, JR.,**

aided and abetted by each other, in connection with the acquisition of a firearm, to wit, an FNH USA, M249S rifle, bearing serial number M249SA06531, from Adelbridge & Co. Firearms

("Adelbridge"), a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to Adelbridge, which statement was intended and likely to deceive Adelbridge as to a fact material to the lawfulness of such acquisition of the said firearms to the defendant under chapter 44 of Title 18, in that MARK ANTHONY TREVINO, JR. executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, stating he was the actual buyer of the firearm indicated on the Form 4473, when in fact as he then knew, he was not the actual buyer of the firearm, in violation of Title 18, United States Code, Section 922(a)(6).

## COUNT FOURTEEN
[Straw Purchasing of Firearms, Aiding & Abetting]
[18 U.S.C. §§ 932, 2]

35. On or about July 18, 2023, in the Western District of Texas, Defendants,

**(6) LUIS MATIAS LEAL, aka "Wicho," aka "Poncho," aka "El Tio,"
(7) FRANCISCO ALEJANDRO BENAVIDES, aka "Frankie," and
(8) MARK ANTHONY TREVINO, JR.,**

aided and abetted by each other, purchased a firearm, to wit, an FNH USA, M249S rifle, bearing serial number M249SA06531, in and affecting interstate and foreign commerce, for, on behalf of, and at the request or demand of any other person, knowing and having reasonable cause to believe that such other person met the criteria of 1 or more paragraphs of section 922(d), in violation of Title 18, United States Code, Section 932.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Firearm Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 932 and 933(a)(1), (a)(2), and (a)(3), subject to forfeiture pursuant to Title 18 U.S.C. § 934(a)(1)(A) and (B) and pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts One, Two, Five through Eight, and Fourteen, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and as part of sentencing pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 934(a)(1)(A) and (B) and pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 934. Forfeiture and Fines.**
> **(a) Forfeiture. --**
>> **(1) In general**. -- Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law--
>>> (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>>> (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . .
>
> **Title 18 U.S.C. § 924. Penalties**
>
> **(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of . . . section 932, 933 . . . shall be subject to seizure and forfeiture. . . under the provisions of this chapter. . .

## II.
## Smuggling Violation and Forfeiture Statutes
**[Title 18 U.S.C. §§ 371 and 554, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Count Three, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 981(a)(1)(C), and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 981. Civil forfeiture**
>
>> **(a)(1)** The following property is subject to forfeiture to the United States:
>> * * *
>> **(C)** Any property, real or personal, which constitutes or is derived from proceeds

14

> traceable to . . . or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

The offense of smuggling goods from the United States is an offense constituting "specified unlawful activity " as defined in Title 18 U.S.C. § 1956(c)(7).

### Title 19 U.S.C. § 1595a. Aiding unlawful importation
### (d) Merchandise exported contrary to law

> Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

### Title 28 U.S.C. § 2461.

> **(c)** If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure...

## III.
## Firearms Violations and Forfeiture Statutes
## [Title 18 U.S.C. §§ 924(o), (c)(1), 922(a)(1)(A), and (a)(6), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts Four and Seven through Thirteen, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and as part of sentencing pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

### Title 18 U.S.C. § 924. Penalties

**(d)(l)** Any firearm or ammunition involved in or used in any knowing violation of subsection . . . (a) . . . of section 922 . . . or knowing violation of 924 . . . shall be subject to seizure and forfeiture. . . under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the following property:

## IV.
## Property

**(1) JOSE EMIGDIO Q. MENDOZA:**
1. FNH USA M249S belt-fed 5.56 caliber rifle, bearing serial number M249SA08118;
2. Barrett Firearms M107A1 .50 BMG rifle, bearing serial number AEO10248;
3. FN Herstal, SCAR 17S, 7.62/.308 caliber rifle, bearing serial number H1C17156;
4. FN Herstal SCAR 17S, 7.62/.308 caliber rifle, bearing serial number H1C18973;
5. $24,000, more or less, in U.S. currency;

**(2) GERARDO ANTONIO IBARRA, JR.:**
6. Barrett Firearms M107A1 .50 BMG rifle, bearing serial number AE010395;

**(4) GERARDO RAFAEL PEREZ, JR.:**
7. FNH USA, LLC. SCAR 17S. 308 caliber rifle, bearing serial number H1C25320;
8. Kimber Micro 9, 9mm caliber pistol, bearing serial number STB0030305;
9. MKE-MAKINA VE KIMYA ENDUSTRISI KURUMU (KIRIKKALE) AP5-P, 9mm caliber pistol, bearing serial number T0624-21CD 02736;

**(5) ANTONIO OSIEL CASAREZ:**
10. Wise Lite Arms Inc. AJM53, 8 caliber rifle, bearing serial number WLA29-7289, and
11. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

## V.
## Money Judgment

**Money Judgment:** A sum of money equal to **One Hundred Sixty Nine Thousand Nine Hundred Dollars ($169,900.00),** which represents the value of any proceeds obtained directly or indirectly, and any facilitating property used or intended to be used, and any property involved in, the above Counts, for which Defendant **JOSE EMIGDIO Q. MENDOZA** is solely liable.

## VI.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property owned by the Defendant, up to the value of said money judgment, as substitute assets, pursuant to Fed. R. Crim. P. 32.2(e)(1) and Title 21 U.S.C. § 853(p).

                              A TRUE BILL

                              ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
                              FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
FOR WILLIAM F. CALVE
Assistant United States Attorney